IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BINH C. TRAN,

    Plaintiff,

    v.

SCOTT W. WRYE,

    Defendant.

No. 2:15-CV-2200-MCE-DMC-P

FINDINGS AND RECOMMENDATIONS

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 10).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names Scott Wrye, M.D., an oral surgeon, as the only defendant. See Doc. 10, p. 2. Plaintiff states he was diagnosed with a mandible fracture following a physical assault by his cellmate on March 22, 2013. See id. at 3. According to plaintiff, he was seen by Dr. Wrye in a follow-up appointment on May 6, 2013, for removal of a wire from plaintiff's jaw. Plaintiff states he informed defendant that he "could hear a bone popping sound" on his left jaw, his bottom teeth were not aligned with his top teeth, and he was in pain. Id. Plaintiff was seen by Dr. Wrye for a second follow-up on May 21, 2013, at which time plaintiff informed defendant he was experiencing continued pain. See id. Plaintiff states: "Dr. Wrye tried to fix my jaw, but he made my jaw worse." Id. Plaintiff alleges Dr. Wrye violated his rights under the Eighth Amendment to adequate medical care and his rights under the Fourteenth Amendment to equal protection. See id. at 3-4. As to his equal protection claim, plaintiff alleges defendant unfairly singled him out because he is an inmate. See id. at 4.

Documents attached to and referenced in the complaint reveal plaintiff was examined by Dr. Wrye on March 22, 2013, in response to a mandible fracture. See id., Exhibit A.[1] At this appointment, Dr. Wrye conducted a physical examination, reviewed imaging studies, and developed an assessment and plan. See id. Specifically, Dr. Wrye noted: "I have added him

---
[1] The court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

[plaintiff] onto the operative schedule for this evening." Id. Plaintiff's attached documents also reflect that surgery was performed on May 6, 2013. See id., Exhibit B. Plaintiff was seen for post-operative follow-up by Dr. Wrye on May 21, 2013, and June 28, 2013. See id. Plaintiff's documents reveal that he developed an infection and fistula following surgery, which problems were later addressed surgically by Dr. Randy Landis, DDS, OMS, on September 11, 2013. See id., Exhibit D.

## II. DISCUSSION

The court finds plaintiff fails to state a claim under either the Eighth Amendment or Fourteenth Amendment.

### A. Eighth Amendment Claim

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

///
///
///

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, it is clear from plaintiff's complaint that he received treatment from Dr. Wrye, who performed surgery and examined plaintiff at several follow-up appointments. To the extent plaintiff claims Dr. Wrye failed to perform the surgery adequately or that Dr. Wrye's

4

conduct caused the post-surgery infection and fistula, such a claim sounds in negligence and, as such, is not cognizable under § 1983.  See Estelle, 429 U.S. at 106.

### B. Fourteenth Amendment Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also protected from intentional discrimination on the basis of their religion.  See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).  Equal protection claims are not necessarily limited to racial and religious discrimination.  See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008).[2]

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

---

[2] **Error! Main Document Only.**Strict scrutiny applies to equal protection claims alleging race-based or religious discrimination (i.e., where the plaintiff is member of a "protected class"); minimal scrutiny applies to all other equal protection claims.  See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001).

Here, on the facts alleged, plaintiff cannot establish intentional discrimination by Dr. Wrye. The gravamen of plaintiff's Fourteenth Amendment claim is that Dr. Wrye was deliberately indifferent to his medical needs because plaintiff is an inmate. As discussed above, however, it is clear Dr. Wrye treated plaintiff and, thus, was not deliberately indifferent. On the facts alleged by plaintiff and shown by the documents attached to and referenced in the amended complaint, plaintiff cannot show that Dr. Wrye discriminated against him because he is a prisoner.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 19, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6